WELLS, Chief Judge.
Thomson Vaval appeals an order summarily denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. For the following reasons, we reverse and remand for further proceedings.
Vaval claims his convictions for one count of lewd and lascivious battery on a *820 child less than sixteen years of age and one count of lewd and lascivious molestation on a child twelve to sixteen years of age violates double jeopardy because there was no temporal break between the two offenses that were committed on the same child on the same day. The trial court affirmed, finding that there was a temporal break between the two criminal acts and that Vaval formed a separate criminal intent to commit the two acts.
On appeal from a summary denial, this court must reverse unless the postconviction record, see Fla. R.App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D). Because the record now before us fails to make the required showing, we reverse the order and remand for an evidentiary hearing or other appropriate relief. The record before us consists of only Vaval’s postconviction motion, the State’s response to the motion, the order on appeal, the arresting officer’s report, the arrest affidavit and the Rape Treatment Center Report. From this record, we are unable to discern that Vaval committed more than one criminal act on the same day, much less a temporal break between two acts.
If the trial court again enters an order summarily denying the postconviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.